IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Hogan Properties Construction, Inc.,<br><br>    Plaintiff,<br><br>v.<br><br>Builders Mutual Insurance Company,<br><br>    Defendant. | C/A No. 6:12-984-TMC<br><br>**OPINION & ORDER** |

This matter is before the Court on Plaintiff's Motion to Remand. (Dkt. # 10). This action involves claims for breach of contract, bad faith insurance practices, and unfair and deceptive trade practices. Defendant removed this action on the basis of diversity jurisdiction. In its complaint, Plaintiff alleges an unspecified amount of damages. Contemporaneously with this motion, Plaintiff filed a stipulation that it will amend its complaint to seek an amount less than $75,000. (Dkt. # 11). Defendant has not filed any response to this motion.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The Fourth Circuit has made it clear, however, that removal statutes must be construed strictly against removal and that the burden of establishing the propriety of removal rests with the removing party. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir.1994). "If federal jurisdiction is doubtful, remand is necessary." *Id.* at 151. The party seeking removal of

state law claims on the basis of diversity of citizenship and amount in controversy bears the burden of establishing jurisdiction. *See, e.g., McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936).

"It is the firmly established general rule of the federal courts that the plaintiff's claim is the measure of the amount in controversy and determines the question of jurisdiction." *McDonald v. Patton*, 240 F.2d 424, 425 (4th Cir.1957). Ordinarily, courts look only to the complaint at the time the case was removed. *St. Paul Mercury Indem. Co., v. Red Cab Co.*, 303 U.S. 283, 291 (1938). After removal, a court cannot consider a plaintiff's stipulation to an amount in controversy below the federal jurisdictional minimum if the amount of money damages was clear from the face of the complaint and alleged in good faith. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir.1993). However, when faced with an unspecified claim of damages, courts generally have held that a post-removal stipulation by the plaintiff that the claim does not exceed the minimum federal jurisdictional amount is appropriate for the court's consideration. *See* Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3725, at 118 (3rd ed.1998); *see also Ferguson v. Wal-Mart Stores, Inc.*, No. 94-2696, 1994 WL 653479, at *2 (D.S.C. Nov. 15, 1994) (unpublished) (remanding case when the plaintiff alleged an unspecified amount of damages and clarified the amount of damages sought was below the jurisdictional amount by filing a post-removal stipulation); *Gwyn v. Wal-Mart Stores, Inc.*, 955 F.Supp. 44, 46 (M.D.N.C.1997) ("A post-removal stipulation or amendment of the complaint to allege damages below the jurisdictional amount will not destroy federal jurisdiction once it has attached. However, when facing indeterminate claims, . . . the court may consider a stipulation filed by the plaintiff that the claim does not exceed" the jurisdictional amount. (Internal citation and quotation

marks omitted.)). Here, while the complaint requests an unspecified amount of damages, Plaintiff has stipulated the amount in controversy is less than $75,000.00. Defendant has filed nothing in opposition. Therefore, the court is without subject matter jurisdiction and remands the case to the state court.

Based on the foregoing, Plaintiff's Motion to Remand (Dkt. # 10) is **GRANTED**. The court instructs the Clerk of Court to remand this case to the Court of Common Pleas of Greenville County, South Carolina. Furthermore, with respect to all claims, Plaintiff is barred from recovering a total amount of actual and punitive damages exceeding $75,000.00, exclusive of interest and costs.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Greenville, South Carolina
May 16, 2012